IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| ANDREW THOMAS WOOLEN, #A6120248,<br><br>Plaintiff,<br><br>vs.<br><br>ETHAN RAMOS; *et al.*,<br><br>Defendants. | CIVIL NO. 24-00158 LEK-KJM<br><br>ORDER DISMISSING PRISONER CIVIL RIGHTS COMPLAINT WITH PARTIAL LEAVE GRANTED TO AMEND |
|---|---|

### ORDER DISMISSING PRISONER CIVIL RIGHTS COMPLAINT WITH PARTIAL LEAVE GRANTED TO AMEND

Before the Court is a Prisoner Civil Rights Complaint ("Complaint"), ECF No. 1, filed by pro se Plaintiff Andrew Thomas Woolen ("Woolen") pursuant to 42 U.S.C. § 1983.  In the Complaint, Woolen alleges that prison officials violated his constitutional rights during his incarceration at the Hawaii Community Correctional Center ("HCCC") in Hilo, Hawaii.[1]  Specifically, Woolen alleges that Correctional Officer ("CO") Ethan Ramos used excessive force (Count I), and that an unnamed sergeant threatened his safety (Count II).  ECF No. 1 at PageID.5–PageID.6.  Woolen also alleges that unidentified individuals retaliated against after

---

[1] According to Woolen, he is now incarcerated at the Halawa Correctional Facility.  *See* ECF No. 1 at PageID.1.

he reported an assault by prison staff (Count III). ECF No. 1 at PageID.7. For the following reasons, the Complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1) with partial leave granted to amend. If Woolen wants this action to proceed, he must file an amended pleading that cures the noted deficiencies in his claims on or before **June 7, 2024**. In the alternative, Woolen may voluntarily dismiss this action pursuant to Fed. R. Civ. P. 41(a)(1), and he will not incur a "strike" pursuant to 28 U.S.C. § 1915(g).

## I. STATUTORY SCREENING

The Court is required to screen all in forma pauperis prisoner complaints filed against government officials, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). *See Byrd v. Phx. Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018). Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(a) involves the same standard as that used under Federal Rule of Civil Procedure 12(b)(6). *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam). Under this standard, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(internal quotation marks and citation omitted).  A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.  *See id.*

In conducting this screening, the Court liberally construes pro se litigants' pleadings and resolves all doubts in their favor.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  The Court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint.  *See Lopez*, 203 F.3d at 1130.  When a claim cannot be saved by amendment, however, dismissal with prejudice is appropriate.  *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II.  **BACKGROUND**[2]

On November 6, 2022, CO Ramos punched Woolen several times in the face and head and placed him in a chokehold.  ECF No. 1 at PageID.5.

In January 2023, an unnamed sergeant moved Woolen into a cell with a "sentenced parole violator" and a "gang member."  *Id.* at PageID.6.  At the time, Woolen was a "pre-sentenced" inmate.  *Id.*  On an unspecified date, Woolen's cellmates severely beat him.  *Id.*

---

[2] Woolen's factual allegations are accepted as true for purposes of screening.  *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

On an unspecified date, unnamed individuals threatened and intimidated Woolen after he reported an assault by a prison official. *Id.* at PageID.7. When Woolen insisted on pursuing legal action, he was moved to "unsafe housing" and beaten. *Id.* When he was moved out of "suicide watch," Woolen was housed by himself in a cell with a razorblade that he used to attempt suicide. *Id.*

Woolen commenced this action by signing the Complaint on March 18, 2024. *Id.* at PageID.8. In the Complaint, Woolen alleges that CO Ramos used excessive force, and that the unnamed sergeant threatened his safety. *Id.* at PageID.5–PageID.6. Woolen also alleges that unidentified individuals retaliated against him after he reported an assault by prison staff. *Id.* at PageID.7. Woolen seeks, among other things, $500,000 in damages. *Id.* at PageID.8. On April 9, 2024, the Court granted, ECF No. 3, Woolen's Application to Proceed In Forma Pauperis by a Prisoner, ECF No. 2.

### III.  DISCUSSION

A.  **Legal Framework for Claims under 42 U.S.C. § 1983**

"Section 1983 provides a cause of action against '[e]very person who, under color of' law deprives another of 'rights, privileges, or immunities secured by the Constitution.'" *Cornel v. Hawaii*, 37 F.4th 527, 531 (9th Cir. 2022) (quoting 42 U.S.C. § 1983) (alteration in original). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws

4

of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Park v. City & County of Honolulu*, 952 F.3d 1136, 1140 (9th Cir. 2020).

### B.   Eleventh Amendment

Woolen names Defendants CO Ramos and an unnamed sergeant in both their individual and official capacities. *See* ECF No. 1 at PageID.1–PageID.2.

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citation omitted); *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–03 (1984). It does not bar official-capacity suits against state officials for prospective relief to enjoin alleged ongoing violations of federal law. *See Wolfson v. Brammer*, 616 F.3d 1045, 1065–66 (9th Cir. 2010); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989). Nor does it bar suits for damages against state officials in their personal capacities. *See Hafer v. Melo*, 502 U.S. 21, 30–31 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003).

To the extent Woolen seeks damages from CO Ramos and the unnamed sergeant in their official capacities, those claims are barred by the Eleventh Amendment and DISMISSED with prejudice. *See Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016) ("The Eleventh Amendment bars claims for

5

damages against a state official acting in his or her official capacity." (citation omitted)). The Eleventh Amendment does not bar Woolen from seeking damages against these defendants in their personal capacities. *See id.* (explaining that the Eleventh Amendment does not "bar claims for damages against state officials in their *personal* capacities").

**C.    Improper Joinder**

Woolen alleges in Count I that CO Ramos used excessive force during an incident on November 6, 2022. ECF No. 1 at PageID.5. In Count II, Woolen alleges that an unnamed sergeant threatened his safety by housing him with a "sentenced parole violator and gang member" in January 2023. *Id.* at PageID.6. In Count III, Woolen alleges that unidentified individuals retaliated against him after he reported an assault by prison staff. *Id.* at PageID.7.

Under Fed. R. Civ. P. 18(a), governing joinder of claims, a plaintiff may bring multiple claims, related or not, in a lawsuit against a single defendant. To name different defendants in the same lawsuit, however, a plaintiff must satisfy Fed. R. Civ. P. 20, governing joinder of parties. Rule 20(a)(2) allows joinder of defendants only if the following two requirements are met: (1) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all defendants will

arise in the action. Fed. R. Civ. P. 20(a)(2)(A)–(B); *Stribling v. Tobias*, 690 F. App'x 972, 973 (9th Cir. 2017). Unrelated claims involving different defendants belong in different suits. *See What v. Honolulu Police Dep't*, Civil No. 13–00373 HG–RLP, 2014 WL 176610, at *4–5 (D. Haw. Jan. 13, 2014).

Here, there is no apparent connection between the Complaint's three counts other than the fact that the underlying events occurred at the HCCC. This is not enough to satisfy the joinder rules. *See Woods v. Curry*, No. C 10-1859 JSW (PR), 2013 WL 12222362, at *1 (N.D. Cal. May 2, 2013) (concluding that prisoner improperly joined claims "based on a wide variety of unrelated events that occurred at his prison"). Woolen may not pursue a combination of unrelated claims against various defendants in a single suit. *See Char v. Kaiser Hosp.*, Civ. No. 18-00345 JAO-RLP, 2019 WL 80890, at *3 (D. Haw. Jan. 2, 2019) ("Unrelated claims involving different defendants must be brought in separate actions."). He may, however, raise any unrelated claims in a separate action or actions. *See D'Agirbaud v. Kam*, Civ. No. 20-00139 JAO-KJM, 2020 WL 3258408, at *5 (D. Haw. June 16, 2020) (explaining that dismissing complaint for misjoinder allowed plaintiff "to decide which related claims he will pursue in this action, and which claims he will bring in a new action").

If Woolen decides to file an amended pleading, any claim asserted therein must be permitted by either Rule 18 or Rule 20. Woolen may state a single claim

against a single defendant.  Pursuant to Rule 18, Woolen may then add any additional claims to his action that are against the same defendant.  Fed. R. Civ. P. 18.  Woolen may also add any additional claims against other defendants, if those claims arise from the same transaction, occurrence, or series of transactions as his original claim.  Fed. R. Civ. P. 20(a)(2).  Any attempt to join claims that are not permitted by the Federal Rules of Civil Procedure will result in those claims being dismissed as improperly joined and, at a minimum, will result in delay in their adjudication.  In deciding whether to file an amended pleading, Woolen should also consider the following legal standards.

**D.     Excessive Force**

Woolen alleges in Count I that CO Ramos used excessive force on November 6, 2022.  ECF No. 1 at PageID.5.  Woolen does not say, however, if he was a pretrial detainee or a convicted inmate at the time of the incident.

If Woolen was a pretrial detainee, his excessive force claim is analyzed under the Fourteenth Amendment's Due Process Clause.  As the Supreme Court has stated, "the appropriate standard for a pretrial detainee's excessive force claim is solely an objective one."  *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015).  Under this standard, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable."  *Id.* at 396–97.

If Woolen was a convicted inmate, then his excessive force claim is analyzed under the Eighth Amendment. "In excessive force cases brought under the Eighth Amendment, the relevant inquiry is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Hughes v. Rodriguez*, 31 F.4th 1211, 1221 (9th Cir. 2022) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). The Ninth Circuit has identified the following five factors to consider when determining whether a use of force was malicious and sadistic: "(1) the extent of injury suffered by an inmate; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of the forceful response." *Furnace v. Sullivan*, 705 F.3d 1021, 1028–29 (9th Cir. 2013) (internal quotation marks and citation omitted).

### E.     Threat to Safety

Woolen alleges in Count II that an unnamed sergeant threatened his safety by housing him with a "sentenced parole violator" and a "gang member." ECF No. 1 at PageID.6. Although Woolen says that he was "pre-sentenced" when this occurred, it is not apparent if he was a pretrial detainee or if he had been convicted and was awaiting sentencing.

If Woolen was a pretrial detainee, then his threat to safety claim "arise[s] under the Fourteenth Amendment's Due Process Clause, rather than under the Eighth Amendment's Cruel and Unusual Punishment Clause." *Gordon v. County of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018) (internal quotation marks and citation omitted). To establish a threat-to-safety claim under the Fourteenth Amendment, the plaintiff must show that:

> (1) [t]he defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) [t]hose conditions put the plaintiff at substantial risk of suffering serious harm; (3) [t]he defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) [b]y not taking such measures, the defendant caused the plaintiff's injuries.

*Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc) (formatting and footnoted omitted).

"With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily turn on the facts and circumstances of each particular case." *Id.* (internal quotation marks, brackets, and citations omitted). A pretrial detainee who asserts a threat to safety claim must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.*

If Woolen was convicted and awaiting sentencing, then the Eighth Amendment applies. *See Norbert v. City & County of San Francisco*, 10 F.4th

918, 927 (9th Cir. 2021) ("For [a plaintiff], who is convicted and awaiting sentencing, the Eighth Amendment supplies the relevant standard."). The Eighth Amendment imposes on prison officials a duty to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation marks and citation omitted). A prison official violates the Eighth Amendment, however, only when two requirements are met. "First, the deprivation must be objectively, sufficiently serious[.]" *Id.* at 834. "For a claim . . . based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* Second, the plaintiff must show deliberate indifference—that is, that "the [prison] official [knew] of and disregard[ed] an excessive risk to inmate . . . safety." *Id.* at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

**F.     Retaliation**

Woolen alleges in Count III that unidentified individuals retaliated against him after he reported an assault by prison staff. ECF No. 1 at PageID.7.

"[A] prisoner can make a viable claim of First Amendment retaliation by alleging five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and

that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Chavez v. Robinson*, 12 F.4th 978, 1001 (9th Cir. 2021) (quotation marks and citation omitted).

**G.     Doe Defendants**

Woolen refers to an unnamed sergeant in Count II and unidentified individuals in Count III.  ECF No. 1 at PageID.6–PageID.7.

Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include the names of the parties in the action.  As a practical matter, it is impossible in most instances for the United States Marshal or his designee to serve a summons and complaint or amended complaint upon an unknown or anonymous defendant.  The use of doe defendants is therefore generally disfavored in federal court.  *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

If the names of individual defendants are unknown at the time a complaint is filed, a plaintiff may refer to the unknown defendants as Defendant John Doe 1, John Doe 2, John Doe 3, and so on, but he must still allege facts to support how each particular Doe defendant violated the plaintiff's constitutional rights.  If Woolen can cure the deficiencies in his claims, he may use the discovery processes for a limited period set by the Court to obtain the names of Doe defendants whom he believes violated his constitutional rights and seek leave to amend to name those

defendants once identified, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie*, 629 F.2d at 642 (9th Cir. 1980)).

## IV.  LEAVE TO AMEND

The Complaint is DISMISSED with partial leave granted to amend.  Woolen must file any amended pleading on or before **June 7, 2024**.  Woolen may not expand his claims beyond those already alleged herein or add new claims, without explaining how those new claims relate to the claims alleged in the Complaint.  Claims that do not properly relate to those in the Complaint are subject to dismissal.

Woolen must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii.  Local Rule 10.4 requires that an amended complaint be complete in itself, without reference to any prior pleading.  An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the Court's prisoner civil rights form.  *See* LR99.2(a).  An amended complaint will supersede the preceding complaint.  *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).  Defendants not renamed and claims not realleged in an amended

complaint may be deemed voluntarily dismissed.  *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012).

## V.  28 U.S.C. § 1915(g)

If Woolen fails to file an amended complaint or is unable to amend his claims to cure their deficiencies, this dismissal may count as a "strike" under 28 U.S.C. § 1915(g).  Under this "3-strikes" provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## VI.  CONCLUSION

(1) The Complaint, ECF No. 1, is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

(2) All of Woolen's claims against CO Ramos and the unnamed sergeant in their official capacities are DISMISSED with prejudice.

(3) Woolen must file any amended pleading on or before **June 7, 2024**.

(4) Failure to timely file an amended pleading may result in AUTOMATIC DISMISSAL of this suit without further notice, and Woolen may incur a strike under 28 U.S.C. § 1915(g).

(5) ALTERNATIVELY, Woolen may voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(1), and such a dismissal will not count as a strike under 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 8, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**ANDREW THOMAS WOOLEN VS. ETHAN RAMOS; *et al.*; CV 24-00158 LEK-KJM; ORDER DISMISSING PRISONER CIVIL RIGHTS COMPLAINT WITH PARTIAL LEAVE GRANTED TO AMEND**